IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| K.F. DAVIS ENGINEERING, INC., <br><br> Plaintiff, <br><br> v. <br><br> KFDE.COM, an Internet domain name, and JOHN DOE, <br><br> Defendants. | Civil Action No. 1:19-cv-1209 |

## VERIFIED COMPLAINT

Plaintiff K.F. Davis Engineering, Inc. ("KFDE" or "Plaintiff"), by counsel, alleges as follows for its Verified Complaint against Defendants:

## NATURE OF THE SUIT

1. KFDE's claims in this case involve intellectual property theft by computer hacking—colloquially referred to as "domain name theft" or "domain name hijacking." To recover its valuable intellectual property, KFDE asserts *in rem* claims under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), under 28 U.S.C. § 1655, and Virginia common law, and *in personam* claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and Virginia common law, arising from the unauthorized access to KFDE's secured computer account and the unauthorized transfer and theft of the KFDE.com domain name (the "Defendant Domain Name").

2. KFDE seeks injunctive and other relief as a result of the actions of a person of

© 2019 Wiley Rein LLP. All rights reserved.

unknown identity who gained unauthorized access to KFDE's domain name management account on a protected computer, transferred control of the Defendant Domain Name from KFDE's account, and thereby disabled KFDE's control of the Defendant Domain Name causing irreparable injury to KFDE.

## PARTIES

3. Plaintiff KFDE is a California corporation located at 530 La Gonda Way, Suite E, Danville CA 94526. KFDE was, and is, the rightful owner of the Defendant Domain Name.

4. Defendant KFDE.com is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred from KFDE's domain register Network Solutions, Inc. ("Network Solutions") to a different domain name registrar, Xiamen ChinaSource Internet Service Co., Ltd. The identity of the current registrant of KFDE.com is being concealed either by the registrar or a privacy service. A copy of the current, unauthorized domain name registration record for KFDE.com is attached as Exhibit A.

5. Defendant John Doe is a person of unknown identity who gained unauthorized access to KFDE's protected domain name management account and, without consent or authority, transferred control of Defendant Domain Name away from KFDE.

## JURISDICTION, VENUE AND JOINDER

6. This action arises under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), 28 U.S.C. § 1655, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims under the common law of Virginia.

7. This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§

© 2019 Wiley Rein LLP. All rights reserved.

1331 and 1338(a), 28 U.S.C. § 1367, 28 U.S.C. § 1655, and the doctrines of ancillary and pendent jurisdiction.

8. This Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A) and 28 U.S.C. § 1655.

9. *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(i)(I) because the registrant of the Defendant Domain Name is being concealed by the registrar, and is believed to be based in China, and therefore KFDE cannot obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A) and/or KFDE, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).  KFDE will provide notice to the Defendants of its intent to proceed *in rem* against the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I)(aa).

10. The Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(3) and (4), states that the *in rem* action, jurisdiction, and remedies created by the statute are "in addition to any other civil action or remedy otherwise applicable" and "in addition to any other jurisdiction that otherwise exists, whether in rem or in personam."

11. *In rem* jurisdiction is appropriate under 28 U.S.C. § 1655 because the KFDE.com domain name is property situated in this district and KFDE is asserting its claim of ownership to the KFDE.com domain name and seeking removal of the cloud on the title of the domain name.

12. KFDE's *in personam* claims against John Doe for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and for conversion, are based on John Doe's unauthorized access to and alteration of computer records maintained on protected computers for the domain registry located

© 2019 Wiley Rein LLP.  All rights reserved.

within the district so as to effectuate the theft of the Defendant Domain Name.

13. John Doe directed the acts complained of herein toward the district and utilized instrumentalities in the district in that John Doe gained unauthorized access to KFDE's domain name management account and associated computer records and thereafter, without authorization, caused the domain name registration records maintained in the district by VeriSign, Inc. to be altered so as to transfer control of Defendant Domain Name away from KFDE.

14. Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C), 28 U.S.C. § 1391(b)(2), and 28 U.S.C. § 1655 in that the Defendant Domain Name is property situated in this district and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

15. Joinder of the Defendant Domain Name and Defendant John Doe is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions and the same questions of law are common to both of the Defendants.

## KFDE'S RIGHTS

16. Plaintiff KFDE is an architectural and engineering firm, founded in 1982. Its services include preparing drawings and specifications for a variety of projects, including building designs, reconfigurations, and renovations.

17. KFDE provides its services throughout the United States, including to the Department of Veterans Affairs, Indian Health Services, U.S. Mint, and Lawrence Livermore National Laboratory.

18. KFDE has owned the domain name KFDE.com since as early as March 30, 2000.

19. After acquiring the KFDE.com domain name, KFDE transferred its registration to

the ICANN-accredited domain name registrar Network Solutions.  Attached hereto as Exhibit B is a historical Whois inquiry showing KFDE's President as the registrant of the KFDE.com domain name on March 30, 2000.

20. KFDE maintained the KFDE.com domain name with Network Solutions until it was stolen by John Doe.  *Compare* Exhibit A *to* Exhibit C (a historical Whois inquiry showing KFDE's President as the registrant of the KFDE.com domain name on July 14, 2019).

21. KFDE has used the KFDE Mark for years in association with its architectural and engineering services.  KFDE has maintained a website marketing itself and its services at KFDE.com since as early as April 6, 2001:



22. As early as August 28, 2010, the KFDE Mark was being used on the KFDE.com website:

© 2019 Wiley Rein LLP.  All rights reserved.



23. KFDE continued to use the KFDE Mark on its website at www.KFDE.com until the Defendant Domain Name was stolen and the website was disabled:



© 2019 Wiley Rein LLP.  All rights reserved.                              6

24.     KFDE's website at www.KFDE.com included a section titled "MY KFDE" that provided clients with a secure means for exchanging files with KFDE.

25.     Over the years KFDE has also used the KFDE Mark on its documentation and promotional materials, including referring to itself in proposals as "KFDE" since at least 2011, and prominently featuring the mark on business cards, letterhead, presentation documents and reports, cost estimates, architectural drawings, and even the LinkedIn business listing for KFDE:



26.     KFDE has used the KFDE Mark in U.S. commerce in association with architectural and engineering services consistently for almost two decades, including through its use of the KFDE.com website from 2000 until Defendant John Doe stole the domain name and thereby disabled KFDE's access to and control of the domain name.

27.     KFDE is entitled to common law trademark protection in the KFDE Mark by virtue of its use of the mark in U.S. commerce in association with architectural and engineering services.

© 2019 Wiley Rein LLP.  All rights reserved.

28. John Doe's unauthorized transfer and subsequent misuse of the KFDE.com domain name further demonstrates that the KFDE Mark is entitled to trademark protection.

29. As a stolen domain name, no subsequent registrant may acquire title to the Defendant Domain Name that is superior to KFDE's title to the KFDE.com domain name.

**UNLAWFUL TRANSFER AND REGISTRATION OF THE DOMAIN NAME**

30. The Associated Press reported that a 2013 survey by the National Small Business association found that 44% of small businesses had been the subject of computer hacking.

31. The Verizon 2018 Data Breach Investigations Report reported that there were over 53,000 security breaches in the U.S. in 2017, and 58% of the victim companies were small businesses.

32. KFDE's claims in the present case involve one of the most recent iterations of such computer hacking actions—colloquially referred to as "domain name theft."

33. The Defendant Domain Name consists only of the protected KFDE Mark, with the addition of ".com" at the end.

34. KFDE maintains a domain name management account with Network Solutions.

35. KFDE's domain name management account with Network Solutions is maintained on a protected computer and access to the account should be restricted to only those persons that possess KFDE's user name and password.

36. KFDE recently learned that the KFDE.com domain registration had been transferred from Network Solutions to another registrar, Xiamen ChinaSource Internet Service Co., Ltd.

37. A search of KFDE's administrative e-mail account reveals that KFDE never received a notification from Network Solutions that the Defendant Domain Name was being

© 2019 Wiley Rein LLP. All rights reserved.

transferred. Such a domain name transfer notification email is required by ICANN.

38. On information and belief, John Doe obtained unauthorized access to KFDE's domain registrar account and manipulated the computer records to obtain the transfer of the Defendant Domain Name through a surreptitious manner intended to avoid detection by KFDE.

39. When the Defendant Domain Name was transferred by John Doe without authorization, the domain name registrant information was changed and the technical settings for the domain name were changed thereby disabling KFDE's ability to control the domain name and associated website. At the same time, KFDE also lost its ability to control and access its email accounts.

40. The registration and use of the KFDE Mark by John Doe through the KFDE.com domain are without authorization from KFDE.

41. The KFDE.com domain name does not reflect the trademark or intellectual property rights of John Doe.

42. On information and belief, the KFDE.com domain name does not reflect the legal name of John Doe.

43. John Doe has not engaged in bona fide noncommercial or fair use of KFDE's KFDE trademark in a website accessible under the Defendant Domain Name.

44. John Doe transferred the Defendant Domain Name without authorization from KFDE and thereby acquired a domain name which John Doe knew was identical to, and reflective of, KFDE's KFDE Mark.

## FIRST CLAIM FOR RELIEF (IN REM)
*Violation of the Anticybersquatting Consumer Protection Act*

45. KFDE repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

© 2019 Wiley Rein LLP. All rights reserved.           9

46. KFDE's KFDE Mark is distinctive and was distinctive prior to the time the Defendant Domain Name was transferred away from KFDE without authorization and thereby unlawfully registered to John Doe.

47. The aforesaid acts by John Doe constitute registration, trafficking, and/or use of a domain name that is nearly identical to KFDE's KFDE Mark, with bad faith intent to profit therefrom.

48. The aforesaid acts constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

49. The aforesaid acts have caused, and are causing, great and irreparable harm to KFDE and the public. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue. Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i) and 28 U.S.C. § 1655, KFDE is entitled to an order transferring the Defendant Domain Name registration back to KFDE.

### SECOND CLAIM FOR RELIEF (IN REM)
*Quiet Title*

50. KFDE repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

51. KFDE has valid legal and equitable title to the Defendant Domain Name by virtue of its registration and ownership of the domain name since 2000.

52. The Defendant Domain Name was stolen from KFDE and no subsequent registrant may acquire valid title to the domain name—whether or not any such registrant purports to be a bona fide purchaser.

53. Through control of the domain name, John Doe has asserted a claim to the Defendant Domain Name that impedes KFDE's ownership and control of the domain name and

© 2019 Wiley Rein LLP. All rights reserved.

constitutes a cloud on KFDE's title to the domain name.

54. KFDE is entitled to a declaration from the Court that it is the lawful owner and registrant of the Defendant Domain Name and that there are no other valid claims against the title to the Defendant Domain Name.

### THIRD CLAIM FOR RELIEF (IN PERSONAM)
*Violation of the Computer Fraud & Abuse Act*

55. KFDE repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

56. John Doe: (a) knowingly and intentionally accessed KFDE's domain name management account on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication (18 U.S.C. § 1030(a)(2)(C)); (b) knowingly and with an intent to defraud accessed KFDE's domain name management account on a protected computer without authorization and obtained information from the computer, which John Doe used to further a fraud and obtain something of value (18 U.S.C. § 1030(a)(4)); and (c) intentionally accessed KFDE's domain name management account on a protected computer without authorization, and as a result of such conduct caused damage and loss (18 U.S.C. § 1030(a)(5)(C)).

57. John Doe's unlawful actions have included causing the protected domain name registration records maintained in the district by VeriSign, Inc. to be altered so as to transfer control of Defendant Domain Name away from KFDE.

58. KFDE has suffered damages as a result of the conduct complained of herein and the loss of the Defendant Domain Name.

© 2019 Wiley Rein LLP. All rights reserved.                                                                                      11

### FOURTH CLAIM FOR RELIEF (IN PERSONAM)
*Violation of the Electronic Communications Privacy Act*

59. KFDE repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

60. On information and belief, John Doe intentionally accessed without authorization electronic communications sent by Network Solutions to KFDE seeking KFDE's approval for the transfer of the Defendant Domain Name.

61. On information and belief, John Doe obtained such electronic communications and/or prevented KFDE's authorized access to such electronic communications while the communications were in electronic storage.

62. John Doe engaged in such actions with a knowing and/or intentional state of mind, and such actions constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707.

63. KFDE has suffered damages including the loss of the Defendant Domain Name as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and attorney's fees under the Electronic Communications Privacy Act.

### FIFTH CLAIM FOR RELIEF (IN PERSONAM)
*Conversion*

64. KFDE repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

65. KFDE is the owner of property rights in and to the Defendant Domain Name.

66. John Doe has wrongfully taken control of the Defendant Domain Name.

67. John Doe's wrongful exercise of dominion and control over the Defendant Domain Name deprives KFDE of use and control of the Defendant Domain Name in violation of

KFDE's rights in and to the domain name.

68. To the extent that John Doe has subsequently transferred the Defendant Domain Name to a person or persons other than John Doe, such other person's wrongful exercise of dominion and control over the Defendant Domain Name deprives KFDE of use and control of the Defendant Domain Name in violation of KFDE's rights in and to the domain name.

69. KFDE has suffered damages including the loss of the Defendant Domain Name as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and/or attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, KFDE respectfully requests of this Court:

1. That judgment be entered in favor of KFDE on its *in rem* claims under the Anticybersquatting Consumer Protection Act, 28 U.S.C. § 1655, and for quiet title against the res Defendant KFDE.com, and that the Court declare KFDE is the rightful owner of the Defendant Domain Name.

2. That the Court order, pursuant to the judgment in favor of KFDE on its *in rem* claims, the Defendant Domain Name be returned to KFDE through VeriSign, Inc.'s transfer of the domain name from the current domain name registrar to KFDE's registrar of choice, and by the registrar's change of the registrant back to KFDE.

3. That judgment be entered in favor of KFDE on its *in personam* claims under the Computer Fraud and Abuse Act, the Electronic Communications Privacy Act, and for Conversion against Defendant John Doe.

4. That the Court order, pursuant to the judgment in favor of KFDE on its *in personam* claims, an award of actual, statutory, and/or punitive damages, costs and reasonable

attorney's fees; and

     5.     That the Court order an award to KFDE of such other and further relief as the Court may deem just and proper.

Dated: September 18, 2019        By:     <u>/s/ Attison L. Barnes, III /s/</u>
                                          Attison L. Barnes, III (VA Bar No. 30458)
                                          David E. Weslow (*for pro hac admission*)
                                          Adrienne J. Kosak (VA Bar No. 78631)
                                          WILEY REIN LLP
                                          1776 K St. NW
                                          Washington, DC 20006
                                          (202) 719-7000 (phone)
                                          (202) 719-7049 (fax)
                                          abarnes@wileyrein.com
                                          dweslow@wileyrein.com
                                          akosak@wileyrein.com

                                          *Counsel for Plaintiff*
                                          *K.F. Davis Engineering, Inc.*

© 2019 Wiley Rein LLP.  All rights reserved.

## **VERIFICATION**

I, Lesa Durham, President of K.F. Davis Engineering, Inc., declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the facts contained in the foregoing Verified Complaint are true and correct.

_____
Lesa Durham


9/16/19
_____
Date