IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| K.F. DAVIS ENGINEERING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 1:19-cv-01209-AJT-MSN |
| | ) | |
| KFDE.COM, an internet domain name, | ) | |
| and JOHN DOE, | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT & RECOMMENDATION

This matter comes before the Court on plaintiff K.F. Davis Engineering, Inc.'s ("plaintiff" or "KFDE") motion for default judgment (Dkt. No. 10). Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment in plaintiff's favor for the reasons that follow.

### I.  Procedural Background

On September 18, 2019, plaintiff brought an *in rem* action against defendants (Dkt. No. 1). On September 26, 2019, plaintiff filed a motion for service by publication (Dkt. No. 24), which the Court granted on October 1, 2019 (Dkt. No. 6). On October 21, 2019, plaintiff filed a declaration stating that defendants were properly served as of October 7, 2019. (Dkt. No. 7) 2. On October 28, 2019, having no response from defendants, plaintiff filed a request for entry of default judgment. The Clerk of the Court entered default against defendants on October 29, 2019 (Dkt. No. 9). On October 30, 2019, plaintiff filed the instant motion for default. (Dkt. No. 10). On November 22, 2019, counsel for plaintiff appeared at the hearing on the motion for default judgment before the undersigned Magistrate Judge and no claimant appeared on behalf of defendants.

The complaint alleges five counts against defendants. Compl. (Dkt. No. 1) ¶ 1. However, Plaintiff only seeks judgment entered in its favor on count one (cybersquatting under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (the "ACPA")) and dismissal of the remaining counts. (Dkt. No. 11) 1. Plaintiff also seeks an order directing VeriSign, Inc. to transfer the KFDE.com domain name to KFDE's registrar of choice and directing that registrar to take all necessary steps to have KFDE listed as the registrant for the KFDE.com domain name, as well as any further relief the Court deems just and proper (Dkt. No. 10) 1.

## II.    Factual Background

The following facts are established by plaintiff's complaint (Dkt. No. 1) as well as by its memorandum in support of its motion for default judgment (Dkt. No. 11).

Plaintiff is a California corporation with a principal place of business in Danville, California. Compl. (Dkt. No. 1) ¶ 53 Based on records in the Whois database of domain name registrations, defendant KFDE.com is an internet domain name that was improperly transferred from plaintiff KFDE's domain register to a different domain register. *Id*. at ¶ 4. Defendant John Doe is the current registrant of KFDE.com. John Doe gained access to plaintiff's domain name management account and transferred control of defendant domain name away from plaintiff. *Id*. The identity of defendant John Doe is being concealed either by the current domain register, Xiamen ChinaSource Internet Service Co. Ltd., or by a privacy service. *Id.*

Plaintiff KFDE is an architecture and engineering firm created in 1982, which provides services such as preparing drawings and specifications for a variety of construction projects. *Id.* at ¶ 16. KFDE provides its services throughout the United States, including to government clients such as the Department of Veterans Affairs, the United States Mint, and Lawrence Livermore National Laboratory. *Id.* at ¶ 17.

2

KFDE owned the KFDE.com domain name as early as March 30, 2000. *Id*. at ¶ 18. Beginning in April 2001, KFDE has used the KFDE.com domain name to maintain a website marketing itself and its services. *Id*. at ¶ 21. As early as 2010, the KFDE mark was being used on the KFDE.com website. *Id.* at ¶ 22. The website also included a section which provided clients with a secure means of exchanging files with KFDE. *Id.* at ¶ 24. KFDE continued to use the KFDE.com domain up until defendant John Doe illicitly transferred the domain registration.

KFDE maintains a domain name management account with Network Solutions. *Id*. at ¶ 34. This account is maintained on a protected computer and should only be accessible to those that possess a particular username and password. *Id*. Despite this, the KFDE.com name was recently transferred from Network Solutions to Xiamen ChinaSource without notification or authorization. *Id*. at ¶ 35. John Doe effectuated this unauthorized transfer, and in so doing disabled plaintiff's ability to control the domain name, associated website, and control and access email accounts. *Id.* at ¶ 36.

### III.    Jurisdiction, Venue, and Service of Process

A court must have both subject matter and personal or *in rem* jurisdiction over a defaulting defendant before it can render a default judgment. The court has original subject matter jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) because this action arises under federal law, namely the ACPA. There is *in rem* jurisdiction over defendants pursuant to 15 U.S.C. § 1225(d)(2)(A) because defendant domain names have violated plaintiff's trademark, *id.* at § 1225(d)(2)(A)(i), and plaintiff cannot obtain personal jurisdiction of defendants because the identity of the registrant is being concealed by the registrar. Venue is likewise proper pursuant to 15 U.S.C. § 1125(d)(2)(C) because the registry for defendant domain name, VeriSign, Inc. ("VeriSign"), is located within this court's judicial district.

The ACPA provides that for *in rem* actions, service of process must be made by:

(aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and

(bb) publishing notice of the action as the court may direct promptly after filing the action.

15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa)-(bb). Plaintiff has complied with subsection (aa) by providing the current registrant of defendant domain name with notice of plaintiff's intent to proceed *in rem* and including a copy of the complaint. (Dkt. No. 7). The notice was sent to the postal and email addresses set forth in the registration for defendant domain names. *Id.* Plaintiff further complied with subsection (bb) by filing a motion for order to publish notice of action (Dkt. No. 6), which the Court granted, requiring plaintiff to publish the order in *The Washington Times* or *The Washington Post* within fourteen (14) days after entry of the order and to file a declaration within twenty (20) days after entry of the order describing the steps plaintiff took to comply with the order (Dkt. No. 6). Accordingly, plaintiff published a copy of the Court's order in *The Washington Times* advising defendant domain names of the instant action and subsequently filed a declaration describing plaintiff's compliance with the Court's order. (Dkt. No. 7). Because defendants failed to file an answer or respond within twenty-one (21) days from the date of publication in *The Washington Times*, the Clerk entered the default of defendant domain names (Dkt. No. 9).

## IV.   Standard

Default judgment is appropriate if the well-pleaded allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d

4

334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because defendants have not answered or otherwise timely responded, the well-pleaded allegations of fact contained in the complaint are deemed to be admitted.

## V.    Analysis

Having examined the record, the undersigned finds that the well-pleaded allegations of fact in the complaint (Dkt. No. 1), supported by plaintiff's motion for default judgment (Dkt. No. 10) and memorandum in support (Dkt. No. 11), establish that defendants violated the ACPA. Given plaintiff's request, the undersigned further finds that counts II-V of the complaint should be dismissed without prejudice.

The ACPA provides that a person is liable to a trademark owner if that person (1) registers, traffics in, or uses a domain name that is identical or confusingly similar to a distinctive or famous mark or is a trademark and (2) has a bad faith intent to profit from that mark. *See* 15 U.S.C. § 1125(d)(1)(A)(i)-(ii); *see also People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). The complaint pleads both that defendant domain is nearly identical to the KFDE mark and that the registration and use of the domain name was in bad faith. Accordingly, plaintiff is entitled to the relief requested in its motion for default judgment.

### a.    Distinctiveness of the KFDE Mark

First, the undersigned finds that the KFDE mark is distinctive and was distinctive at the time John Doe transferred the KFDE.com domain name away from KFDE. Plaintiff has common law trademark rights stemming from its longtime and exclusive use of the mark. "At common law,

5

trademark ownership is acquired by actual use of the mark in a given market." *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 267 (4th Cir. 2003). Plaintiff has used the KFDE mark in association with its architectural and engineering services for years, including on its website, business cards, letterhead, presentation documents, cost estimates provided to customers, architectural drawings, and social media. (Dkt. No. 1) ¶¶ 22-25. Moreover, continuous use of a domain name in the promotion of a business is sufficient to establish common law rights in a trademark. *See Chen v. Jun*, 2018 WL 6060471, at *3 (E.D. Va. Oct. 31, 2018). Here, KFDE has used the KFDE mark in the KFDE.com domain name for nearly two decades to identify and promote its architectural and engineering services. (Dkt. No. 1) ¶ 21. Accordingly, the undersigned finds that the KFDE mark is distinctive.

**b.  Defendant Domain Name is Confusingly Similar to the KFDE Mark**

Second, the undersigned must consider whether defendant domain name is identical or confusingly similar to the KFDE mark. "In assessing whether a mark is confusingly similar, the allegedly infringing domain name does not need to be identical to the registered mark. Rather, the 'dominant or salient portions' of the domain name must be sufficiently similar." *Volvo Trademark Holding AB v. Volvospares.com*, 703 F. Supp. 2d 563, 568 (E.D. Va. 2010) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 936 (4th Cir.1995)); *see, e.g.*, *Agri-Supply Co.*, 457 F. Supp. 2d at 664 (finding that defendant's domain name "Agrisupply.com" was "confusingly similar" to plaintiff's trademark "Agri-Supply," including the domain name "Agri-Suppy.com"). Here, the mark is unquestionably almost identical – the only difference between the KFDE mark and KFDE.com is the ".com" suffix. Accordingly, the undersigned finds that defendant domain name is confusingly similar to the KFDE mark.

###### c.  **Bad Faith**

Having found that KFDE mark is distinctive and that defendant domain name is confusingly similar to the mark, the last consideration is whether defendant domain name was registered or used in bad faith with the intent to profit. The ACPA lists several factors that a court may consider in determining bad faith, but does not need to be exhaustively considered. *See Lamparello v. Falwell*, 420 F.3d 309, 319-20 (4th Cir. 2005). These factors include:

> (I) a defendant's intellectual property rights in the domain name;

> (II) the extent to which the name consists of defendant's legal name;

> (III) a defendant's prior use of the domain name in connection with the bona fide offering of any goods or services;

> (IV) a defendant's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;

> (V) a defendant's intent to divert consumers from the mark owner's website in such a way that could harm the goodwill of the mark;

> (VI) a defendant's offer to transfer, sell, or otherwise assign the domain name to the plaintiff or any third party for financial gain without having used, or the intent to use, the domain name in the bona fide offering of any goods or services;

> (VII) a defendant's provision of misleading or false contact information when applying for registration of the domain name;

> (VIII) a defendant's registration or acquisition of multiple domain names which it knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names without regard to the goods or services of the parties; and

> (IX) to the extent to which the mark incorporating in a defendant's domain name registration is or is not distinctive.

*See* 15 U.S.C. § 1125(d)(1)(B)(i)(I)-(IX).

In relevant part, the undersigned finds that John Doe and the defendant domain name do not have intellectual property rights in the domain name, *id.* at § 1125(d)(1)(B)(i)(I); they have not engaged bona fide noncommercial or fair use of the mark or a bona fide offering of any goods or

services, *id.* at § 1125(d)(1)(B)(i)(III)-(IV); they are using the domain name to divert consumers away from plaintiff's website for commercial gain that has resulted in harm to the KFDE mark, *id.* at § 1125(d)(1)(B)(i)(V); and the KFDE mark is distinctive, *id.* at § 1225(d)(1)(B)(i)(IX). Furthermore, this Court has often found bad faith under the ACPA in cases where domains were stolen from their rightful owners. *See, e.g.*, *Blackshore Props., Inc. v. EQN.com*, No. 1:18-cv-1325 (LMB-JFA) (ECF No. 18) (E.D. Va. Jan. 28, 2019).

Accordingly, plaintiff's second amended complaint pleads sufficient facts to show that plaintiff possess trademark rights in the defendant domain name, that defendant domain name is confusingly similar to the KFDE mark, and that defendants had bad faith intent to profit from using the domain name. *See* 15 U.S.C. § 1125(d)(1)(A)(i)-(ii); *Doughney*, 263 F.3d at 367. Therefore, the undersigned finds that plaintiff is entitled to relief under the ACPA.

**VI.   Recommendation**

For the foregoing reasons, the undersigned recommends:

1) Granting plaintiff's motion for default judgment (Dkt. No. 10);

2) Directing that VeriSign change the registrar of record for the defendant domain name to GoDaddy.com; and

3) Dismissing counts II through V of the complaint because plaintiff's relief may be granted exclusively under the ACPA.

**VII.   Notice**

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendant domain names at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and

Recommendation and waives appellate review of a judgment based on this Report and

Recommendation.

                                                        /s/
                                    _____
                                            Michael S. Nachmanoff
                                        United States Magistrate Judge

January 7, 2020
Alexandria, Virginia